## ROYAL INDEMNITY CO. v. GRAND LODGE, A. O. U. W., OF KANSAS.

### No. 572.

Circuit Court of Appeals, Tenth Circuit.

Aug. 9, 1932.

Glenn R. Donaldson, of Kansas City, Mo. (Thomas Hackney and Leslie A. Welch, both of Kansas City, Mo., on the brief), for appellant.

Thos. E. Wagstaff, of Independence, Kan., and Benj. F. Hegler, of Wichita, Kan. (A. V. Roberts, and Mr. Roger P. Almond, both of Wichita, Kan., and Jay W. Scovel, of Independence, Kan., on the brief), for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

LEWIS, Circuit Judge.

J. F. Herron was financial recorder of a subordinate lodge of the Grand Lodge of the Ancient Order of United Workmen of Kansas. This subordinate lodge was at Pittsburg, Kansas, and the Grand Lodge, organized under the laws of the State of Kansas, had its home office at Newton, Kansas. It was Herron's duty as financial recorder of the subordinate lodge to collect dues and assessments from its members and remit the proper amounts thereof to the Grand Lodge. The appellant, a New York corporation, as surety, and Herron, as principal, gave to the Grand Lodge in July, 1921, a bond by the terms of which the surety agreed to make good to the Grand Lodge such loss of money, funds, or other personal property as the Grand Lodge might sustain by any act or acts of fraud and dishonesty on the part of Herron. On December 4, 1927, while this bond was in force and effect Herron committed suicide. At the time of his death he was short in his accounts with the Grand Lodge in excess of $5,000.00, the penal sum named in said bond. At different times theretofore, starting with April 1, 1920, and ending with June 23, 1926, Herron took out several benefit certificates in the Grand Lodge which were in the nature of insurance policies naming in each of them his wife, Olive G. Herron, as the beneficiary. After his death and after the Grand Lodge had deducted loans to Herron on these policies, it paid the remainder of said insurance, $5,444.-00, to the beneficiary. This suit was instituted by appellant, the surety, on allegations to the effect that the Grand Lodge had the right and it was its duty to apply the sum it paid to the beneficiary in discharge of Herron's liability as a defaulter to it, rather than to pay it to the beneficiary, and that before payment to Mrs. Herron appellant notified the Grand Lodge of its said right and of the right of the surety to be subrogated to that right and that it would immediately file a suit against the Grand Lodge and the beneficiary for the purpose of enforcing that right. It did file this suit immediately after notice, but the Grand Lodge paid the $5,444.00 to the beneficiary. The claim set up in the complaint is bottomed upon the allegation and contention that Herron paid the monthly dues on his certificates out of dues and assessments which belonged to the Grand Lodge. Vorlander v. Keyes (C. C. A.) 1 F.(2d) 67.

Appellant filed its suit on December 28, 1927, against the Grand Lodge and Mrs. Herron, but later dismissed as to the latter, and thereafter it filed an amended complaint to which the Grand Lodge filed answer admitting therein Herron's shortage in his accounts with the Grand Lodge in excess of $5,000.00.

It further alleged that Olive G. Herron made demand on it for payment of the amount due on said certificates to her as beneficiary, and that they paid her the amount called for by said certificates. It further alleged that by the terms of the Kansas statutes (sections 40—711 and 40—414 in the 1931 Supplement to Revised Statutes of Kansas, 1923) the amount called for by said certificates was not liable to be taken, appropriated, or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of the certificate holder or of any beneficiary named in the certificate, and that by the terms of said statute the proceeds of said certificates and the reserves and cash value thereof inure to the sole and separate use and benefit of the beneficiary named therein. It denied the other allegations of the complaint.

When the case came on for trial appellant wholly failed to prove that Herron paid the monthly dues on the said certificates out of dues and assessments that he should have remitted to the Grand Lodge. On the contrary, his widow, the beneficiary, testified that his monthly premiums were $24.75, that hers were $2.50, and that she paid those premiums herself out of money which she took in for roomers and boarders; that sometimes she would give her husband the money at their home, sometimes at the lodge office, and sometimes she would put the money in the lodge cash drawer and write the receipt herself. The trial court found that the premiums were paid with funds belonging to Mrs. Herron. It further found that the state statutes exempted the funds due on the certificates from claims of any and all creditors, and that by virtue thereof they could not be applied in extinguishment of Herron's indebtedness to the Grand Lodge. Either ground was sufficient to defeat recovery.

Decree dismissing the bill on final hearing is affirmed.